UNITED STATES BANKRUPTCY COURT      **NOT FOR PUBLICATION**
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------x
In re:                                        :    Chapter 11
                                              :
DIE FLIEDERMAUS LLC,                          :    Case No. 01-42518(ALG)
d/b/a/ LE BAR BAT,                            :
                                              :
                            Debtor.           :
----------------------------------------------------------x
RICHARD E. O'CONNELL,                  :
Chapter 7 Trustee for Die Fliedermaus LLC,    :
d/b/a/ Le Bar Bat                             :
                                              :
                            Plaintiff,        :
                                              :
          -against-                           :    Adv. Proc. No. 04-04306
                                              :
GERARD J. SHALLO, SAUL L. VICTOR,             :
SAUL L. VICTOR P.C. PROFIT SHARING            :
PLAN, ADAM OKIN A/K/A/ ADAM OKIN              :
POSTAL, AND HENRY AMOROSO                     :
                                              :
                            Defendants.       :
----------------------------------------------------------x
```

### MEMORANDUM OPINION DENYING MOTION FOR RECONSIDERATION

On March 30, 2005, the Court issued its Memorandum of Decision dismissing, in

part, the claims of Richard O'Connell (the "Trustee"), the Chapter 7 Trustee for Die

Fliedermaus LLP (the "Debtor"). On April 8, 2005, the Trustee filed this motion for

reconsideration. For the reasons set forth below, no response from the adverse parties is

required and the Trustee's motion is denied.

The Trustee first argues that the Court overlooked the "controlling" effect

of N.Y. CPLR 213(7), which provides a six-year statute of limitations for actions "by or

on behalf of a corporation against a present or former director, officer or stockholder for

an accounting, or to procure a judgment on the ground of fraud, or to enforce a liability,

penalty or forfeiture, or to recover damages for waste . . . ."  CPLR 213(7), by its terms,

only applies to a actions brought by or on behalf of a "corporation."  In the present

matter, the Debtor is not a corporation; it is a limited liability company, formed in New

York, and, as such, subject to the New York Limited Liability Company Law (the

"NYLLCL").  None of the cases cited by the Trustee applies CPLR 213(7) to an entity

other than a corporation, and the Trustee's argument is devoid of the slightest merit.

The Trustee's invocation of the six-year statute of limitations for fraud in CPLR

213(8) is equally frivolous.  The Trustee did not make an attempt to state a cause of

action for fraud in the Complaint, and he certainly did not satisfy the pleading

requirements of Bankruptcy Rule 7009(b) in that regard.  In any event, the principles set

forth in the Decision regarding the effect of NYLLCL § 508(c) would apply to a claim

based on fraud as to a claim based on fraudulent conveyance.

The Trustee next argues that the doctrine of "equitable tolling" serves to toll the

three-year liability period found in NYLLCL § 508(c).  The Trustee asserts two grounds

for equitable tolling: first, that the Defendants were fiduciaries of the Debtor and under

New York law the statue of limitations is tolled until the offending fiduciary resigns his

position; and second, that the Defendants' "fraudulent concealment" tolled the statute of

limitations.

As to the Trustee's first ground, the cases on which the Trustee relies hold that

"under New York Law the limitations period for claims arising out of a fiduciary

relationship does not commence until the fiduciary has openly repudiated his or her duty

or the relationship has been otherwise terminated."  Memo at 9, quoting *Golden Pacific*

*Bancorp v. FDIC*, 273 F.2d 509, 518 (2d Cir. 2001) (citation omitted).  Count Two of the

2

Complaint does set forth a claim against Victor for breach of fiduciary duty.  But Victor

did not move to dismiss that claim on statute of limitations grounds, and the Court did not

hold that the claim was barred by NYLLCL § 508(c) or any other provision of law.  On

the other hand, the Trustee has not cited any case holding that a claim against a fiduciary

is tolled based only on the defendant's status; the cases appear quite logically to toll the

limitations period for claims arising from a breach of fiduciary duty.  Cf. *Loengard v.*

*Santa Fe Industries, Inc.*, 70 N.Y.2d 262, 514 N.E.2d 113, 519 N.Y.S.2d 801 (N.Y. 1987)

(clarifying that the six-year statute of limitations applies to claims arising from a breach

of fiduciary duty where the remedy sought is equitable).

The Trustee's second ground is that the Victor Defendants' "fraudulent

concealment" effectively tolled the statute of limitations.  In the Complaint, the Trustee

has alleged that the Defendants generally failed to cooperate with both the examiner's

and the Trustee's investigations of the financial affairs of the Debtor.  There is nothing in

the Decision to preclude the Trustee from attempting to prove facts sufficient to support

the doctrine of equitable tolling, and the rights of all parties are preserved on this issue.

There is, however, no need to reconsider the Decision.

For the above stated reasons, the Trustee's motion to reconsider the Court's

Decision is denied.

Dated:  New York, New York
        May 6, 2005

                                            */s/ Allan L. Gropper*
                                            UNITED STATES BANKRUPTCY JUDGE

3